## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA
## HARRISBURG DIVISION

```
------------------------------------------------ x
                                                 :
FEESERS, INC.,                                   :
                                                 :
                          Plaintiff,             :        No. _____
                                                 :
                    v.                           :
                                                 :
MICHAEL FOODS, INC. AND                          :        (Electronically Filed)
SODEXHO, INC.,                                   :
                                                 :
                          Defendants.            :
                                                 :
------------------------------------------------ x
```

## COMPLAINT

Plaintiff Feesers, Inc. ("Feesers"), by its undersigned attorneys, avers as follows:

## NATURE OF THE ACTION

1.    Feesers, a distributor of foodstuffs, brings this action because of a systematic practice whereby Sodexho, Inc. ("Sodexho"), a company that acts both as a foodservice manager and as a distributor of food and food-related products in competition with Feesers, induces and obtains from suppliers of key food and food-related products, including Michael Foods, Inc. ("Michael Foods"), favorable discriminatory prices and discounts that are not available to Feesers, thereby placing Feesers at a severe competitive disadvantage when attempting to

sell such products to customers in competition with Sodexho and its subcontractor distributors.

2.      Feesers seeks: (i) a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-2202, declaring unlawful violations by Michael Foods and Sodexho (together, "defendants") of Sections 2(a) and 2(f) of the Robinson Patman Price Discrimination Act, 15 U.S.C. §§ 13(a) and 13(f); (ii) injunctive relief pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, to prevent actual and threatened injuries to Feesers caused by defendants' violations of Sections 2(a) and 2(f) of the Robinson Patman Act; and (iii) an award of reasonable attorney fees and costs for prevailing in this action.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

### BASIS FOR DECLARATORY RELIEF REQUESTED

5.      As described below, there exists an actual controversy between plaintiff Feesers and defendants Michael Foods and Sodexho.

### BASIS FOR INJUNCTIVE RELIEF REQUESTED

6.      As described below, defendant Sodexho systematically induces Michael Foods and other sellers of key food and food-related products and brands to discriminate as to price by providing it with favorable prices and discounts with

respect to the sale of food and food-related products of like grade and quality that are not made available to Feesers and other competing distributors. Defendant Sodexho knowingly induces and receives such price discriminations on a continuing basis and will not cease doing so in the absence of injunctive relief. Feesers continues to be hindered in its ability to compete with Sodexho, continues to suffer injury in its business and property, and thereby suffers irreparable harm, as a result of this unlawful discrimination.

### THE PARTIES

**A.    Plaintiff Feesers**

7.    Feesers is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business at 5561 Grayson Road, Harrisburg, Pennsylvania. Feesers is a full-line, wholesale distributor of food and food-related products to the institutional foodservice industry. Feesers purchases food and food-related products from various national and regional suppliers, such as defendant Michael Foods, and resells them, in competition with companies such as defendant Sodexho, to institutional purchasers (such as schools, nursing homes, and hospitals) in Pennsylvania, New Jersey, Maryland, Delaware, and Virginia.

**B.    Defendants Michael Foods and Sodexho**

8.    Michael Foods is a corporation organized under the laws of the State of Delaware, with its principal place of business in Minnetonka, Minnesota. Michael Foods processes and sells frozen, precooked, and dried egg products under

3

the "Papetti's" and "M.G. Waldbaum" brand names, and refrigerated potato products under the "Northern Star" brand name. Michael Foods sells its products contemporaneously throughout the United States to, among others, competing distributors, such as plaintiff Feesers and defendant Sodexho. Michael Foods had 2002 net sales of more than $1.1 billion.

9.    Sodexho is a corporation organized under the laws of the State of Delaware, with its principal place of business in Gaithersburg, Maryland. Sodexho is the United States subsidiary of Sodexho Alliance, S.A. ("Sodexho Alliance"), a corporation headquartered in France and one of the world's largest diversified distributors of food and food-related products and providers of food management services.    For the fiscal year ended August 31, 2003, Sodexho Alliance reported consolidated revenues of approximately 11.7 billion Euros.    In the United States, Sodexho distributes food and food-related products to, and provides food management services for, a wide variety of customers including institutions such as schools, nursing homes, and hospitals.    It distributes food products in competition with Feesers in Pennsylvania, New Jersey, Maryland, Delaware, and Virginia.

## CONDUCT ALLEGED

### A.    The Sale of Food Products in the United States

10.    Companies, such as defendant Michael Foods, that process or package foodstuffs (known in the industry as "packers") typically do not sell food

products directly to institutions such as schools, nursing homes, and hospitals. Instead, Michael Foods and other packers typically sell their food products, under various billing arrangements, to companies engaged in the food distribution business (such as Feesers and Sodexho), which in turn resell the food products to the institutions. The packers establish the prices at which they sell to distributors and the distributors negotiate the resale prices with their institutional customers.

11.    Distribution of food and food-related products is a highly competitive business. Institutional purchasers prefer to source their purchases of food and food-related products from a limited number of distributors, and thus distributors compete aggressively with one another to supply as much as possible of a given purchaser's total requirements of such products. Institutional purchasers are sensitive to minute differences in price, and pay particular attention to the price of certain "bellwether" items that are customarily utilized as a gauge to evaluate a distributor's overall pricing. Thus, even a very small difference in the price of certain products can cause a distributor not only to lose the sales of those products, but also to forfeit its goodwill and thus lose the sale of the entire line of food and food-related products to a particular institutional customer.

**B.  Feesers' Purchase and Resale of Michael Foods' Foodstuffs**

12.    For many years, Feesers has purchased food products from Michael Foods, including "Papetti's," "M.G. Waldbaum," and "Northern Star"

5

branded products. Feesers' purchases from Michael Foods typically are routed through a broker, but Michael Foods establishes the prices to be paid by Feesers, with the broker being paid a commission.

       13.    Feesers offers Michael Foods' food products for resale, in competition with defendant Sodexho, to institutional customers in Pennsylvania, New Jersey, Maryland, Delaware, and Virginia.

      c.    **Sodexho's Systematic Inducement of Discriminatory Prices from Michael Foods**

       14.    Michael Foods' products are the types of products seen as "bellwethers" by customers, making it very important that Feesers' prices not be viewed as being higher than its competitors' prices on these key products.

       15.    Although Sodexho is also engaged in the foodservice management business, it is in direct functional competition with Feesers. Sodexho negotiates the purchase of food and food-related products from various packers and suppliers (including Michael Foods); it either purchases such food and food-related products from the packers itself or has subcontractors purchase them on its behalf; and it offers them for resale to institutional purchasers, including schools, nursing homes, and hospitals. In Pennsylvania, New Jersey, Maryland, Delaware, and Virginia, Sodexho competes for and services customers in competition with Feesers.

16.    Pursuant to an agreement with Sodexho, Michael Foods has repeatedly sold food products to Sodexho and its subcontractor distributors at more favorable prices than the prices charged to and paid by Feesers for the same products at the same points in time.  Michael Foods has been induced into this discriminatory pricing agreement because of the large volume of sales attributable to Sodexho and Sodexho's insistence that it is entitled to special discounts, not available to distributors like Feesers, because Sodexho is also in the foodservice management business.   However, Sodexho uses these discounts to gain a competitive advantage against Feesers and other distributors.

17.    Because Michael Foods has supplied Sodexho with food products at more favorable prices than the prices paid by Feesers for the same products, Sodexho in turn is able to offer those products for resale at lower prices than Feesers.  Feesers thus has found itself at an unfair competitive disadvantage with Sodexho in selling Michael Foods' products to customers for which they compete.   Feesers has lost substantial sales because of the not insignificant differences between the prices extended by Michael Foods to Feesers and to Sodexho for the same products.

18.    Moreover, because Michael Foods supplies certain bellwether products such as 15 two-pound table-ready eggs, 20 pound whole-cooked eggs, and 6 five-pound scrambled cook-and-bag eggs, Feesers' inability to match

7

Sodexho's prices on such products has resulted in Feesers losing customer goodwill and sales of other products as well.

19.    Sodexho knows that, in violation of Section 2(f) of the Robinson Patman Price Discrimination Act, the prices it asks for and receives from Michael Foods are more favorable than the prices at which the same food products are contemporaneously sold by Michael Foods to competing distributors, such as Feesers.

D.    **Sodexho's Use of Subcontractor Distributors in Its Discriminatory Pricing Scheme**

20.    Sodexho does not typically take physical possession of the food products being acquired from Michael Foods for resale to Sodexho's customers. Instead, Sodexho generally subcontracts this task to certain allied distributors, which acquire the food products from Michael Foods on Sodexho's behalf and physically distribute them to Sodexho's customers at Sodexho's behest. Michael Foods agrees to provide the food products to such subcontractor distributors designated by Sodexho at the favorable prices agreed between Michael Foods and Sodexho, provided that such favorably-priced food products are resold only to Sodexho's customers.

21.    Michael Foods initially charges Sodexho's subcontractor distributors its full, standard prices for all purchases, and retroactively adjusts the prices paid by the distributors for goods resold to Sodexho's customers, upon proof

8

of such resale. This adjustment to the more favorable Sodexho-level pricing is known as a "deviated bill-back."

22.     Sysco Corporation ("Sysco") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Houston, Texas. Sysco is the largest North American distributor of food and food-related products to the foodservice industry. Sysco is one of the key distributors subcontracted by Sodexho to distribute Michael Foods' products and other favorably priced products to Sodexho's customers.

23.     On numerous occasions, Sysco has acquired food products from Michael Foods at discounted prices for resale to Sodexho's customers. Upon information and belief, Michael Foods adjusted (on a deviated bill-back basis) the prices at which Sysco acquired food products resold to Sodexho's customers, to match the discounted prices agreed to between Sodexho and Michael Foods. Thus, on numerous occasions, at Sodexho's behest, Sysco has acquired food products from Michael Foods for resale to Sodexho's customers, at more favorable prices than the prices charged to and paid by Feesers for the same products at the same points in time.

E.    **Michael Foods' Refusal to Offer Feesers
      Foodstuff Prices Competitive with Those
      Provided to Sodexho**

24.    In early 2003, Feesers approached the broker through which it purchases products from Michael Foods, iMark of Pennsylvania, and requested that Feesers receive the same pricing as Sodexho when it is competing for the same customers.

25.    Feesers' contact at iMark initially indicated that Michael Foods would make the same prices available to Feesers as to Sodexho. But on August 12, 2003, iMark forwarded to John Tighe, Feesers' Executive Vice President and Chief Operating Officer, a copy of a letter from David L. King, Regional Sales Manager for Michael Foods. In this letter, Mr. King stated as follows:

> Pursuant to our recent conversation regarding Feeser's [sic] and Sodexho pricing, we are unable to grant your request for Sodexho pricing to Feeser's. At this time Feeser's is not a distributor that is approved by Sodexho and does not qualify for those price deviations. Should we receive a letter from Sodexho headquarters naming this distributor as an authorized supplier, we will be happy to supply contract pricing at that time.

26.    Mr. Tighe telephoned Mr. King at Michael Foods on August 20, 2003, explaining that in order for Feesers to be competitive with Sodexho, it needed to receive the same level of pricing when it is competing to supply food products. Mr. King reaffirmed that Michael Foods would not give Feesers such pricing unless Feesers were designated by Sodexho. The only justification offered by Mr. King for the favorable pricing given to Sodexho by Michael Foods was that

it was based on Sodexho's large volume of purchases worldwide. Mr. Tighe asked if there was anything that Feesers could do differently to improve its pricing from Michael Foods to compete with Sodexho, and Mr. King said "no."

27.    On September 8, 2003, Mr. Tighe wrote to Mr. King at Michael Foods, to confirm the substance of their telephone conversation of August 20. In this letter, Mr. Tighe wrote that:

> Specifically, when we spoke, you indicated that there is nothing that Feesers can do in order to obtain the pricing that Sodexho receives. You said that Sodexho's pricing is based on large volume overall — that is, the number of units it purchases worldwide. Therefore, even if a hospital or other institution were prepared to commit to buy the same or greater quantities of Michael Foods' products in the same manner through Feesers rather than Sodexho, Feesers still could not obtain a contract price as good as Sodexho's.

Mr. Tighe concluded by asking Mr. King to let him know if his understanding of Michael Foods' position was in any way inaccurate.

28.    In an e-mail dated September 25, 2003, Mr. King conveyed to Feesers what appeared to be Michael Foods' bottom-line position on the subject: "I am willing to give you Sodexho contract pricing provided that you are an approved distributor by Sodexho."

29.    By repeatedly indicating that Feesers had to be an "approved" distributor by Sodexho before it could obtain Sodexho-level pricing, Mr. King of Michael Foods acknowledged that Sodexho and its subcontractor distributors were knowingly receiving more favorable pricing than that available to Feesers.

11

30.    On October 14, 2003, counsel for Feesers wrote to Michael Foods, requesting that Michael Foods reconsider its position and begin to make the same prices available to Feesers as to Sodexho when they compete to supply food products to the same category of customers.    In a subsequent exchange of correspondence, counsel for Michael Foods acknowledged that Michael Foods extended favorable pricing on food products designated for resale to "Sodexho operator customers."    Counsel for Michael Foods also acknowledged that "the so-called Sodexho pricing" is extended to "certain distributors … with respect to, and only with respect to, products purchased for resale" to such Sodexho operator customers, and that such distributors received the discounted pricing on a deviated bill-back basis upon proof of invoicing to Sodexho's customers.    Despite Feesers' request for equal treatment, Michael Foods, through its counsel, declined to extend, without qualifications or conditions, the same pricing to Feesers as that received by Sodexho when competing for the same types of customers in the same geographic area.

31.    Michael Foods continues to make prices available to Sodexho that are more favorable than the prices contemporaneously available to Feesers for the same products.    Sodexho continues to knowingly induce or receive from Michael Foods prices that are more favorable than the prices at which the same food products are contemporaneously sold by Michael Foods to Feesers.    As a

result, Feesers continues to be severely hampered in its ability to compete with Sodexho in supplying food products to institutional customers and continues to lose substantial revenues, and incurs damages to its goodwill, thereby suffering irreparable harm.

**F.    Sodexho's Inducement of Discriminatory Pricing from Other Packers**

32.    Upon information and belief, the scheme agreed to between Sodexho and Michael Foods, whereby Michael Foods extends more favorable prices to Sodexho than the prices available to competing distributors, is part of a pattern in which Sodexho induces discriminatory pricing from numerous food packers and suppliers of food-related products, particularly those that sell bellwether products.  For example, upon information and belief, Sodexho induces and receives discriminatory pricing from Eco Lab, Inc., Schwan's Food Service, Inc., and McCain Foods USA, Inc., which have supplied, and continue to supply, food and food-related products to Sodexho at more favorable prices than the prices paid by Feesers for the same products at the same points in time.  Sodexho induces this discrimination by using its vast purchasing power and offering packers the "cover" that Sodexho is also engaged in their business of managing food services. In fact, however, Sodexho uses this discriminatory pricing to compete with distributors like Feesers.

33.    Upon information and belief, Sysco works as a subcontractor to Sodexho to receive the various discriminatory prices which Sodexho is able to induce. It acts as Sodexho's subcontractor distributor with respect to the food and food-related products acquired from such packers and distributes them to Sodexho's customers at Sodexho's behest. Sysco has acquired, and continues to acquire, such food and food-related products at the discount prices agreed upon between the packers and Sodexho – that is, at more favorable prices than those paid by Feesers for the same products at the same points in time.

34.    Upon information and belief, Sodexho benefits competitively in a number of ways from its favored pricing arrangements with Michael Foods and other packers. First, as described in paragraph 17 herein, because Sodexho is able to purchase the same food and food-related products from Michael Foods and other packers at more favorable prices than distributors like Feesers, Sodexho in turn is able to offer those products for resale at lower prices than other distributors, thus gaining substantial sales from them as a result. Moreover, upon information and belief, when Sodexho and Sysco receive rebates and other favorable pricing concessions from packers that are not made available to competing distributors such as Feesers, Sodexho and Sysco enter into agreements to share the favorable windfall and use the resulting advantage to gain further business from competitors like Feesers. Sodexho also leverages its ability to obtain discount prices from

packers in order to sell its food management services to institutional and other customers who might otherwise manage their foodservice business without Sodexho and purchase food and food-related products from independent distributors such as Feesers.

35.    Sodexho knows that, in violation of Section 2(f) of the Robinson Patman Price Discrimination Act, the prices it receives from food packers and suppliers of food-related products such as Eco Lab, Inc., Schwan's Food Service, Inc., and McCain Foods USA, Inc., are more favorable than the prices at which the same products are sold by such packers and suppliers to competing independent distributors such as Feesers who compete to do business with the same institutional customers.

### FIRST CAUSE OF ACTION
### VIOLATION OF SECTION 2(a) OF THE ROBINSON-PATMAN ACT
### (Against Michael Foods)

36.    Feesers repeats and realleges the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37.    Minnesota-based Michael Foods sells food products nationwide, including foodstuffs supplied to Pennsylvania-based Feesers and to Delaware-based Sodexho for resale in Pennsylvania, New Jersey, Maryland, Delaware, and Virginia.  Thus, Michael Foods is engaged in interstate commerce.

38.    In the course of such interstate commerce, Michael Foods has on two or more occasions sold food products of like grade and quality across state lines at different prices contemporaneously to Feesers and to Sodexho or to Sodexho's subcontractors, thereby discriminating in price between Feesers and Sodexho to Feesers' detriment.

39.    The food products subject to such discriminatory pricing were sold by Michael Foods for use, consumption, or resale within the United States.

40.    Sodexho has knowingly received the benefit of such discriminatory pricing.

41.    Feesers and Sodexho are in direct functional competition with one another. They compete to distribute food and food-related products (including products supplied by Michael Foods) to the same types of customers in the same geographic region.

42.    Because Sodexho was and is able to purchase the same products from Michael Foods at more favorable prices than Feesers, Sodexho in turn was and is able to resell those products at lower prices than Feesers when competing for the same customers.

43.    The effect of Michael Foods' discriminatory pricing has tended substantially to lessen competition, or to injure, destroy, or prevent competition

16

between Sodexho and Feesers, or Feesers and Sodexho's subcontractors, in violation of Section 2(a) of the Robinson Patman Act, 15 U.S.C. § 13(a).

44.    As a result of Michael Foods' unlawful discriminatory pricing, Feesers has been injured in its business and property.  Feesers has lost substantial revenues on the sales of Michael Foods' products when it was unable to match the prices at which Sodexho sold the same products to the customers with respect to which Feesers and Sodexho were competing.  Moreover, Feesers' inability to match Sodexho's prices on Michael Foods' products resulted in Feesers losing sales of other products to such customers as well.

45.    Because Michael Foods continues to discriminate as to price with respect to the sale of goods of like grade and quality to Feesers and to Sodexho, Feesers continues to be hindered in its ability to compete with Sodexho, and continues to suffer injury in its business and property as described in the preceding paragraph.

## SECOND CAUSE OF ACTION
### VIOLATION OF SECTION 2(f) OF THE ROBINSON-PATMAN ACT
### (Against Sodexho)

46.    Feesers repeats and realleges the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.    Delaware-based Sodexho contracts for the purchase of food and food-related products nationwide, including food products purchased from

Minnesota-based Michael Foods and other national packers, for resale to Sodexho's customers in Pennsylvania, New Jersey, Maryland, Delaware, and Virginia. Thus, Sodexho is engaged in interstate commerce.

48.    In the course of such interstate commerce, on two or more occasions Sodexho has knowingly induced or received from Michael Foods, as well as from other food packers and suppliers of food-related products such as Eco Lab, Inc., Schwan's Food Service, Inc., and McCain Foods USA, Inc., more favorable prices for food and food-related products sold across state lines than prices contemporaneously charged to and paid by distributors such as Feesers for products of like grade and quality, thereby inducing or receiving a discrimination in price that is prohibited by Section 2(a) of the Robinson Patman Act.

49.    The effect of such discriminatory pricing has tended substantially to lessen competition, or to injure, destroy, or prevent competition between Sodexho and Feesers, in violation of  Section 2(a) of the Robinson Patman Act, 15 U.S.C. § 13(a).

50.    By knowingly inducing or receiving from Michael Foods and other packers a discrimination in price which is prohibited by Section 2(a) of the Robinson Patman Act, Sodexho has violated Section 2(f) of the Act, 15 U.S.C. § 13(f).

51.    As a result of Sodexho's knowingly inducing or receiving unlawful discriminatory pricing, Feesers has been injured in its business and property. Feesers has lost substantial revenues on the sales of food and food-related products supplied by Michael Foods and other packers when it was unable to match the prices at which Sodexho sold the same products to the customers with respect to which Feesers and Sodexho were competing. Moreover, Feesers' inability to match Sodexho's prices on such products resulted in Feesers losing sales of other products to such customers as well. Sodexho has also used its purchasing power to induce customers to stop buying from independent distributors such as Feesers in favor of Sodexho and its subcontractor distributors.

52.    Because Sodexho continues knowingly to induce or receive unlawful discriminatory pricing from Michael Foods and other packers, Feesers continues to be hindered in its ability to compete with Sodexho, and continues to suffer injury in its business and property as described in the preceding paragraph.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Feesers prays for relief as follows:

1.    For a declaratory judgment and order pursuant to 28 U.S.C. § 2201 that Michael Foods has unlawfully discriminated as to price against Feesers and that Sodexho has unlawfully induced or received such price discrimination,

and such further relief as the Court deems necessary or proper based on such declaratory judgment pursuant to 28 U.S.C. § 2202.

2.    For an order pursuant to 15 U.S.C. § 26 enjoining Michael Foods from continuing to discriminate unlawfully as to price in favor of Sodexho and against Feesers;

3.    For an order pursuant to 15 U.S.C. § 26 enjoining Sodexho from continuing to induce or receive unlawful price discrimination from Michael Foods or any other food packers or suppliers of food-related products, including but not limited to Eco Lab, Inc., Schwan's Food Service, Inc., and McCain Foods USA, Inc.;

4.    For costs of the suit incurred herein, including reasonable attorneys' fees; and

5.    For such other relief as the Court deems just and proper.

Respectfully Submitted,

WIX, WENGER & WEIDNER

By:____s/_____

Date: March 17, 2004

Steven M. Williams, PA I.D. #62051
swilliams@wwwpalaw.com
508 North Second Street
P.O. Box 845
Harrisburg, PA 17108-0845
(717) 234-4182
(717) 234-4224 - fax
Local Counsel for Plaintiff

*Of Counsel:*
Jeffrey L. Kessler, NY I.D. #1539865
 jkessler@dbllp.com
John F. Collins, NY I.D. #1265669
 jcollins@dbllp.com
Eamon O'Kelly, NY I.D. #2908515
 eo'kelly@dbllp.com
Erick M. Sandler, NY I.D. #4130886
 esandler@dbllp.com
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, New York 10019-6092
(212) 259-8000
(212) 259-6333 - fax