IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEESERS, INC.,** | CIVIL NO. 1:CV-04-0576 |
| **Plaintiff** | |
| | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **MICHAEL FOODS, INC. and SODEXHO, INC.,** | |
| **Defendants** | |

# M E M O R A N D U M

## I.  Introduction

Before the court are the following motions: Defendant Sodexho, Inc.'s ("Sodexho") motion to exclude portions of Plaintiff's expert testimony; Defendant Michael Foods, Inc.'s ("Michael Foods") motion to exclude portions of Plaintiff's expert testimony; Defendants' joint motion to strike the declaration of Robert J. Larner filed on November 17, 2005 in support of Plaintiff Feesers, Inc.'s ("Feesers") motion for summary judgment; Defendants' joint motion to strike the declaration of Robert J. Larner filed on December 8, 2005; Michael Foods' motion to strike the declarations of Plaintiff's lay witnesses; and Plaintiff's motion to exclude the expert testimony of David F. Scheffman. All the motions have been briefed and are ripe for disposition.

**II.     Discussion**

    **A.     Motions to Exclude Portions of Plaintiff's Expert Testimony and to Exclude Defendants' Expert Testimony**

These motions to exclude are predicated on the theory that the testimony of the experts does not comport with the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702. *Daubert* and Rule 702 require the trial court to act as "gatekeepers" and exclude expert testimony that is unreliable. This role involves two functions: (1) to determine if the proposed expert testimony is based upon "scientifically valid" reasoning or methodology; and (2) to determine if the proposed expert testimony is relevant (i.e. the reasoning and methodology "can properly be applied to the facts at issue"). *Daubert*, 509 U.S. at 592-93.

The *Daubert* court provided a non-exhaustive list of factors by which to judge the reliability of expert testimony. The *Daubert* factors are (1) whether the expert's technique or theory can be or has been tested; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community.

The *Daubert* expert reliability requirement was formally incorporated into Federal Rule of Evidence 702 as of December 1, 2000:

> **Rule 702.**
>
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise,

> if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

One immediately wonders whether the *Daubert* rules were developed with economics in mind and whether economic theories defy rigorous testing.[1]  In any event, *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), held that *Daubert* criteria apply to all forms of technical expert testimony, not merely to science.

With the above in mind, the court has reviewed all the expert testimony in question.  It appears that both experts are qualified to testify.  The dispute is whose methodology is the correct one to be applied to the facts at issue in this case.  The court has a choice of approaches to take – either the *Daubert* approach to eliminate expert opinions or portions thereof, or to allow the testimony to be part of the record and pass judgment on the quality and effectiveness of the economic testimony through the motions for summary judgment.  *Matsushita Electric Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986).  By using the summary judgment approach, the relevant economic testimony is not excluded and it is presumed there is nothing wrong with the expert's methodology but that the conclusions might not follow, are not appropriate to the facts of the case, draw a factual conclusion that is impermissible, or offer an opinion on a question of law rather than one of fact.  Even in the absence of a resolution through the summary judgment approach, the court would prefer that the expert opinions then be subject to aggressive cross

---

[1] 1 David L. Faigman et al., Modern Scientific Evidence:  The Law & Science of Expert Testimony § 10:5 (2005-2006 ed. 2005).

examination before passing judgment on the quality and effectiveness of the economic testimony.

For the above reasons, the motions of Michael Foods and Sodexho to exclude portions of Robert Larner's testimony, and Feesers' motion to exclude David Scheffman's testimony will be denied.

### B. Motions to Strike the November 17, 2005 and December 8, 2005 Declarations of Robert Larner

The November 17, 2005 declaration of Robert Larner was submitted in conjunction with the filing of Plaintiff's motion for summary judgment. Defendants contend that the declaration, specifically paragraph 3 and exhibit C of the declaration, (1) contradicts Dr. Larner's prior sworn testimony; (2) does not satisfy the standards for expert testimony; (3) was submitted in bad faith; and (4) was untimely.

To the extent that the court understands Larner's expert reports, the declaration does not appear to contradict or add something new to his testimony except perhaps exhibit C. If the court determines at some future time that Exhibit C is not a demonstrative exhibit of Larner's prior testimony, it will be stricken. In all other respects, the court finds that the declaration was submitted in good faith and was timely.

Defendants oppose the December 8, 2005 declaration on the basis that it does not comply with Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) applies to affidavits submitted in support of summary judgment motions. Plaintiff responds that the declaration was not submitted in connection with a summary judgment motion and is therefore not subject to the requirements of Rule 56(e). Plaintiff claims that the declaration was submitted in support of its opposition

to Defendants' *Daubert* motions. Since the November 8, 2005 declaration relates to those *Daubert* motions, which this court will deny, the court will not consider the declaration when addressing the motions for summary judgment. Therefore, Defendants' motion to strike Dr. Larner's November 8, 2005 declaration will be deemed moot.

    **C.**    **Defendants' Joint Motion to Strike Declarations of Plaintiff's Lay Witnesses**

Plaintiff filed declarations of John Tighe, Terry Bowman, James States, Dennis Layton, and Terry Kaufman in support of its motion for summary judgment. Defendants claim that these declarations are in violation of Rule 56(e) of the Federal Rules of Civil Procedure because the content of the declarations is inconsistent with the witnesses' prior testimony and are untimely.

It does not appear that any of these objections has any validity. The issue in these declarations is not their admissibility but the weight of their declarations. The motion will be denied.

**III.**    **Conclusion**

The motion to strike the December 8, 2005 declaration of Robert Larner will be deemed moot. All other motions to exclude or strike will be denied. The court will issue an appropriate order.

                                                                     s/Sylvia H. Rambo
                                                                     SYLVIA H. RAMBO
                                                                       United States District Judge

Dated: February 10, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEESERS, INC.,** | **CIVIL NO. 1:CV-04-0576** |
| Plaintiff | |
| | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **MICHAEL FOODS, INC. and SODEXHO, INC.,** | |
| Defendants | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

     1) Defendants' motions to exclude portions of Robert Larner's expert testimony pursuant to *Daubert* (Docs. 111 and 113) are denied.

     2) Plaintiff's motion to exclude the testimony of David Scheffman pursuant to *Daubert* (Doc. 124) is denied.

     3) Defendants' joint motion to strike Robert Larner's declaration of November 17, 2005 (Doc. 187) is denied.

     4) Defendant's joint motion to strike Robert Larner's declaration of December 8, 2005 (Doc. 177) is deemed moot and the declaration will not be considered by the court.

       5) Defendants' joint motion to strike the declarations of Plaintiff's lay witnesses (Doc. 144) is denied.

                                               s/Sylvia H. Rambo
                                               SYLVIA H. RAMBO
                                               United States District Judge

Dated: February 10, 2006.