IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FEESERS, INC.,** | : | **CIVIL NO. 1:CV-04-0576** |
| **Plaintiff,** | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **MICHAEL FOODS, INC. and** | : | |
| **SODEXHO, INC.,** | : | |
| **Defendants.** | : | |

**M E M O R A N D U M**

Before the court is the Motion of the International Foodservice Distributors Association for Leave to File Brief as *Amicus Curiae* in Support of Plaintiff's Motion for Summary Judgment (Doc. 143). The parties have briefed the issue and the matter is ripe for disposition. For the following reasons, the court will deny the motion.

I.        **Relevant Procedural History**

Currently pending before the court are Plaintiff Feesers, Inc.'s (hereinafter "Feesers") Motion for Summary Judgment, Defendant Michael Foods, Inc.'s (hereinafter "Michael Foods") Motion for Summary Judgment, and Defendant Sodexho, Inc.'s (hereinafter "Sodexho") Motion for Summary Judgment. On December 8, 2005, the International Foodservice Distributors Association (hereinafter "IFDA") filed a motion seeking leave to file a brief as *amicus curiae* in support of Feesers' motion for summary judgment, along with a proposed brief. Feesers concurred in the motion. Michael Foods and Sodexho did not.

**II.**          <u>**Legal Standard – Brief of an *Amicus Curiae***</u>

"Although appellate rules regulate the submission of amicus briefs on appeal, *see* Fed. R. App. P. 29,[1] a district court's decision to accept or reject an amicus filing is entirely within the court's discretion." *In re Nazi Era Cases Against German Defendants Litigation*, 153 F. App'x 819, 827 (3d Cir. 2005); *see also Waste Mgmt. of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). The Third Circuit's standard, however, provides guidance to aid the district court in its decision. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D. N.J. 2002). "[A] motion for leave to file [an amicus brief] should be denied if the movant does not meet the requirements of (a) an adequate interest, (b) desirability, and (c) relevance, . . ." *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d. Cir. 2002).

Additional factors in the court's decision are whether "(1) the amicus has a 'special interest' in the particular case; (2) the amicus' interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the amicus is not partial to a particular outcome in the case."

---

[1] Rule 29 of the Federal Rules of Appellate Procedure provides, in relevant part:

(a) **When Permitted.**  The United States or its officer or agency, or a State, Territory, Commonwealth, or the District of Columbia may file an amicus-curiae brief without the consent of the parties or leave of court.  Any other amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing.
(b) **Motion for Leave to File.**  The motion must be accompanied by the proposed brief and state:
    (1) the movant's interest; and
    (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.

Fed. R. App. P. 29.

*Alkaabi*, 223 F. Supp. 2d at 592 (quoting *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 554 (E.D. Pa. 1999)).  In the Third Circuit, however, these factors are not dispositive.  *See Neonatology Assocs.*, 293 F.3d at 131-33.

## III.          Discussion

The court will deny IFDA's motion to file an *amicus curiae* brief because it fails to establish an adequate interest or sufficient desirability.

### A.          Adequate Interest

Although Federal Rule of Appellate Procedure 29 does not strictly apply at the district court level, the court notes that IFDA's memorandum in support of its motion fails to provide a statement of IFDA's interest.  *See* Fed. R. App. P. 29(b).  IFDA states in its proposed amicus brief, however, that it is a trade association, with more than 140 members, "that represents the interests of foodservice distributors throughout the United States and Canada."  IFDA's ability to represent the aggregated interests of food service distributors does not significantly distinguish or broaden its interest from that of Feesers, one of its members, in the instant case.  Accordingly, the court finds that Feesers' efforts are sufficient to represent any interest IFDA has.

### B.          Desirability

The court also finds that IFDA fails to establish that it would be desirable for the court to admit its proposed brief.  IFDA's memorandum in support of its motion states that it will not duplicate the efforts of Feesers because IFDA will provide a "broad perspective on the policy issues involved."  Such policy issues, however, do not substantively assist the court in determining whether the undisputed

facts establish that any of the moving parties are "entitled to judgment as a matter of law." *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001).  Moreover, the court does not find that IFDA's proposed brief makes any significant contribution to the descriptions of the food service industry that Feesers, Michael Foods, and Sodexho provide in their briefs.  Therefore, IFDA's proposed brief would not be particularly useful and, thus, is not sufficiently desirable to the court.

The Third Circuit's liberal reading of the desirability requirement, which it has suggested could be more difficult to satisfy at an early stage of an appeal, does not preclude such a finding.  *See Neuronatology*, at 132-33.  The Third Circuit acknowledged that some amicus briefs "make little, if any, contribution," and gave no indication that a broad desirability standard would include such briefs. *Id.* at 133.  Moreover, "[a]t the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level where such participation has become standard procedure." *Alkaabi*, 223 F. Supp. 2d at 592 n.16 (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D. N.J. 1985)).


IV.      <u>Conclusion</u>

For the foregoing reasons the court will deny IFDA's motion for leave to file an *amicus curiae* brief in support of Feesers' motion for summary judgment. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  March 21, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FEESERS, INC.,** | : | **CIVIL NO. 1:CV-04-0576** |
| **Plaintiff,** | : | |
| | : | **JUDGE SYLVIA H.  RAMBO** |
| **v.** | : | |
| **MICHAEL FOODS, INC. and SODEXHO, INC.,** | : | |
| **Defendants.** | : | |

## O R D E R

In accordance with the accompanying memorandum of law,

**IT IS HEREBY ORDERED THAT** the Motion of the International Foodservice

Distributors Association for Leave to File Brief as *Amicus Curiae* in Support of

Plaintiff's Motion for Summary Judgment (Doc. 143) is **DENIED**.

 

 

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated:  March 21, 2006.