IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEESERS, INC.,** | **CIVIL NO. 1:CV-04-0576** |
| Plaintiff, | |
| v. | **JUDGE SYLVIA H. RAMBO** |
| **MICHAEL FOODS, INC. and SODEXHO, INC.,** | |
| Defendants. | |

# M E M O R A N D U M and O R D E R

On August 14, 2007, the Third Circuit Court of Appeals reversed this court's May 4, 2006 grant of summary judgment in favor of Defendants Michael Foods and Sodexho, and remanded the case to this court "for further proceedings consistent with this opinion." *Feesers, Inc. v. Michael Foods, Inc.*, No. 06-2661, slip op. at 23 (3d Cir. Aug. 14, 2007). At the court's request, the parties submitted letter briefs identifying the issues they believe remain for resolution at trial as a result of the Third Circuit decision.

There is no dispute that in order to establish a prima face violation of section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a), Feesers must show: "(1) that sales were made to two different purchasers in interstate commerce; (2) that the product sold was of the same grade and quality; (3) that defendant discriminated in price as between the two purchasers; and (4) that the discrimination had a prohibited effect on competition." *Feesers, Inc. v. Michael Foods, Inc.*, No. 06-2661, slip op. at 13 (3d Cir. Aug. 14, 2007). In granting summary judgment for the Defendants, this court found that Feesers met its burden with respect to the first,

second, and third elements of its prima facie price discrimination claim, but not the final element of competitive injury, because "Feesers fail[ed] to adduce sufficient evidence to establish that Feesers and Sodexho are actual competitors within the meaning of § 2(a) of the Robinson-Patman Act." (Doc. 199 at 20.) Feesers appealed the court's finding that there was no genuine issue of material fact on the element of competitive injury. The Third Circuit reversed, holding that this court applied the wrong legal standard for competitive injury, and that Feesers had "proffered sufficient evidence of competition between itself and Sodexho . . . to allow a reasonable factfinder to conclude that these companies are in actual competition." *Feesers*, slip op. at 4.

Plaintiff Feesers maintains that "the Third Circuit held that Feesers has established a prima facie claim of unlawful price discrimination under Section 2(a) of the Robinson-Patman Act, . . . which is sufficient to give rise to a rebuttable inference of competitive injury under the doctrine of *FTC v. Morton Salt Co.*, 334 U.S. 37, 46-47 (1948)." (Doc. 227 at 1.) Feesers asserts that "the burden has shifted to defendants to rebut the *Morton Salt* presumption of competitive injury." (*Id.* at 5.) On the other hand, Michael Foods argues that "[t]he Court of Appeals did not find that Feesers had established any element of its claim" and that "the parties must proceed at trial as if summary judgment had never been granted." (Doc. 225 at 1.) Defendant Sodexho agrees with Michael Foods that Feesers must re-establish at trial every element of the price discrimination claim, including competitive injury. (Doc. 224 at 1-2.)

After reviewing the parties' letter briefs, the court has reached the conclusion that neither side is entirely correct. The summary judgment order

holding that Feesers has established three of the four elements of the prima facie case for a price discrimination claim remains the law of this case, and there is no need for Feesers to present additional evidence on those elements.[1]  However, Feesers still bears the burden of proving competitive injury at trial.  The Third Circuit did *not* hold that Feesers established the element of competitive injury, but instead concluded that "Feesers has proffered sufficient evidence to create a genuine factual dispute as to whether Sodhexho and Feesers both resell food products to the 'same group of customers.'"  *Feesers*, slip op. at 21.  On remand, the task remains for the trier of fact to weigh the evidence and determine whether an inference of competitive injury has been established.

In making this determination, this court is guided by the Third Circuit's instructions on the element of competitive injury:

> Competitive injury is established prima facie by proof of a substantial price discrimination between competing purchasers over time.  In order to establish a prima facie violation of section 2(a), Feesers does not need to prove that Michael Foods' price discrimination *actually* harmed competition, i.e., that the discriminatory pricing caused Feesers to lose customers to Sodhexho.  Rather, Feesers need only prove that (a) it competed with Sodexho to sell food and (b) there was price discrimination over time by Michael Foods.  This evidence gives rise to a rebuttable inference of competitive injury under § 2(a).  The inference, if it is found to exist, would then have to be rebutted by defendants' proof that the price differential was not the reason that Feesers lost sales or profits.

*Id.* at 14-16 (citations and emphasis omitted).

---

[1] Michael Foods and Sodexho argue that on remand, Feesers bears the burden of establishing every element of the price discrimination claim.  However, in granting summary judgment this court found that there was no genuine issue of material fact as to the first, second, and third elements of a price discrimination claim, and this determination was not disturbed by the Third Circuit opinion which addressed only the element of competitive injury.  Accordingly, this court's finding that Feesers has satisfied the first three elements of the prima facie price discrimination claim remains the law of the case.

Accordingly, at trial Feesers will bear the initial burden of presenting evidence on the element of competitive injury, which it must establish by proving both that Feesers competed with Sodexho and that there was discrimination over time by Michael Foods.  If Feesers establishes an inference of competitive injury, the burden will shift to Defendants to rebut that inference by showing the absence of a causal link between the price discrimination and lost sales or profits.  *See Falls City Industries, Inc. v. Vanco Beverages*, 460 U.S. 428, 435 (1983) (citing F. Rowe, Price Discrimination Under the Robinson-Patman Act 182 (1962)).

S/Sylvia H. Rambo
United States District Judge

Dated:  October  19, 2007.