IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEESERS, INC.,** | **CIVIL NO. 1:CV-04-0576** |
| **Plaintiff,** | |
| | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **MICHAEL FOODS, INC. and SODEXHO, INC.,** | |
| **Defendants.** | |

# M E M O R A N D U M and O R D E R

Trial in this matter is scheduled to begin on January 14, 2008. On December 13, 2007, all three parties filed motions *in limine* to exclude certain evidence from trial. Before the court are the following motions: Plaintiff Feesers' motions to exclude (1) Defendants' evidence intended to dispute the price discrimination element of Feesers' Section 2(a) claim against Michael Foods (Doc. 249), and (2) evidence unrelated to the specific issues to be decided at trial (Doc. 251); Sodexho's motions to exclude (3) all evidence referring or relating to McCain, Schwan's, and Ecolab (Doc. 244), (4) expert testimony concerning Ecolab, Schwan's, and McCain (Doc. 245), (5) all evidence related to Entegra procurement services (Doc. 243), and (6) "Exhibit C" to the November 17, 2005 Declaration of Robert J. Larner (Doc. 254); and (7) Michael Foods' motion to exclude evidence regarding Sodexho as a purchaser in the context of Section 2(a) (Doc. 247). Also pending is Defendants' joint motion for reconsideration of the court's order precluding the testimony of Joseph Gagliardo (Doc. 293). The issues have been fully briefed[1] and are ripe for consideration. The motions will be addressed in turn.

---

[1] Plaintiff requested an opportunity to file a brief in opposition to the motion for
(continued...)

1. **Feesers' motion to exclude Defendants' evidence intended to dispute the price discrimination element of Feesers' Section 2(a) claim against Michael Foods (Doc. 249)**

Feesers argues that Defendants are attempting to relitigate the issue of price discrimination, which it argues has already been determined by this court. In fact, the court has determined only that there is a difference in the price offered by Michael Foods. In order to prove competitive injury, the final element of the prima facie case for price discrimination, Feesers must establish that there was substantial price discrimination between competing purchasers over time. Defendants correctly point out that this court has not yet made a determination as to the magnitude and duration of the price discrimination at issue here. Accordingly, the motion *in limine* to exclude Defendant's evidence disputing price discrimination is **DENIED**.

2. **Feesers' motion to exclude evidence unrelated to the specific issues to be decided at trial (Doc. 251)**

Feesers seeks to exclude three general categories of evidence as irrelevant pursuant to Federal Rule of Evidence 403. Each category of evidence will be discussed separately.

    a. **Pricing practices in food service industry generally**

Feesers argues that evidence of contract pricing offered to customers by Michael Foods, rebates offered to Feesers through UniPro, and Feesers' zone-based pricing is irrelevant to the issue of competitive injury, and should be excluded pursuant to Fed. R. Evid. 403 because any probative value it may have is substantially outweighed by the danger of prejudicial delay and waste of time.

---

[1](...continued)
reconsideration, but due to the fact that original *in limine* motion was fully briefed by both parties, the court has determined that no additional briefing is necessary to decide the motion for reconsideration.

Michael Foods argues that this evidence is relevant to the issues of the substantiality of the price discrimination and injunctive relief. Additionally, according to Michael Foods, much of this evidence can be presented through a single witness. The court is satisfied that the probative value of this evidence is not substantially outweighed by considerations of waste of time, and so with respect to this evidence the motion is **DENIED**.

    b.  **Feesers efforts in late 2001 and 2002 to be selected as a primary distributor for Sodexho**

Feesers seeks to exclude evidence of the Wood Company distributorship agreement and Feesers' prior efforts to be selected as primary distributor for Sodexho as irrelevant to the issue of competitive injury. Michael Foods argues that this evidence is directly relevant to the issue of whether Feesers and Sodexho were in actual competition because it tends to show that Sodexho is a customer, rather than a competitor of Feesers. The court agrees that this evidence has some probative value on the issue of competitive injury. Accordingly, the motion is **DENIED**; however, if during trial the evidence strays from the issue of competitive injury, this issue may be revisited.

    c.  **Events outside time period relevant to the lawsuit**

Feesers also seeks to exclude evidence from events prior to 2000, because it is outside the four year statute of limitations period for this price discrimination claim. The motion is **GRANTED** with respect to evidence wholly outside the limitations period; but **DENIED** as to evidence of contracts entered into prior to 2000 but which remained in effect after that date.

3. **Sodexho's motions to exclude all evidence referring or relating to McCain, Schwan's, and Ecolab (Doc. 244) and to exclude expert testimony concerning Ecolab, Schwan's, and McCain (Doc. 245)**

Sodexho seeks to exclude all evidence referring or relating to alleged price discrimination between Sodexho and McCain, Schwan's, and Ecolab, arguing that the probative value of this evidence is substantially outweighed by the danger of waste of time. Feesers argues that this evidence is probative of the issue of inducement of price discrimination because it demonstrates that Sodexho has engaged in a pattern of inducing price discrimination in the past. However, Feesers has also pointed to two additional categories of evidence which it intends to present on this issue: evidence of Sodexho's dealings with Michael Foods to induce discrimination in this case, and Sodexho's promotional literature to customers touting its ability to secure low prices for its food. Evidence of Sodexho's prior pattern of inducement of price discrimination by other companies would add little to Feesers' case, and it poses the risk of three separate mini-trials on matters only marginally relevant to the matter at hand. Because the probative value of evidence relating to McCain, Schwan's, and Ecolab is substantially outweighed by the danger of waste of time and confusion of the issues, the motion to exclude all reference to these companies is **GRANTED**. Accordingly, the motion to exclude all expert testimony relating to McCain, Schwan's, and Ecolab is also **GRANTED**.

5. **Sodexho's motion to exclude all evidence related to Entegra procurement services (Doc. 243)**

Sodexho seeks to bar all evidence and reference to Entegra, which is Sodexho's group purchasing organization, on the grounds that such evidence is irrelevant because the Third Circuit has acknowledged that Entegra is a separate entity from Sodexho and not a party to this litigation. Feesers does not dispute that Entegra is a separate entity, but it asserts that reference to Entegra is necessary

because many of Sodexho's contracts reference it, and this information is relevant and should not be excluded. Because the court agrees that relevant evidence that references Entegra should not be excluded, the motion is **DENIED**.

6. **Sodexho's motion to exclude "Exhibit C" to the November 17, 2005 declaration of Robert J. Larner (Doc. 254)**

   Feesers has agreed not to present this disputed exhibit at trial. Accordingly, this motion is **DENIED AS MOOT**.

7. **Michael Foods' motion to exclude evidence regarding Sodexho as a purchaser in the context of Section 2(a) (Doc. 247)**

   Michael Foods seeks to exclude evidence regarding Sodexho as the purchaser, arguing that the court has already concluded that the relevant purchaser is Sysco, not Sodexho. Feesers agrees that the court has already determined that there were two purchasers—an element of the prima facie case for price discrimination—but argues that Michael Foods' proposed order would go further and preclude Feesers from referencing Sodexho's negotiations with Michael Foods, which is critical to its § 2(a) and § 2(f) claims. The court agrees that evidence of the role of Sodexho in the purchases made by Sysco from Michael Foods is relevant in this case and not foreclosed by prior rulings of this court or the Third Circuit Court of Appeals. To the extent that this motion seeks to bar any reference to Sodexho in negotiations between Sysco and Michael Foods, it is **DENIED**.

8. **Defendants' joint motion for reconsideration of the court's order precluding the testimony of Joseph Gagliardo (Doc. 293)**

   On January 4, 2008, this court issued an order excluding certain witnesses, including Joseph Gagliardo, from testifying at trial because they were not specifically identified to Feesers previously. Joseph Gagliardo should not have been excluded because Feesers had previously interviewed Mr. Gagliardo in this matter,

and was therefore aware of his identity.  Accordingly, the motion to reconsider is **GRANTED** and testimony by Mr. Gagliardo will be permitted at trial, but Defendants shall provide to Feesers an affidavit signed by Mr. Gagliardo describing the contents of his testimony by January 10, 2008.

      Due to the court's busy trial schedule, no further motions to reconsider will be entertained.

                                                        s/Sylvia H. Rambo
                                                        SYLVIA H. RAMBO
                                                        United States District Judge

Dated:  January 9, 2008.