IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEESERS, INC.,** | **CIVIL NO. 1:CV-04-0576** |
| Plaintiff, | |
| | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **MICHAEL FOODS, INC. and SODEXHO, INC.,** | |
| Defendants. | |

## M E M O R A N D U M and O R D E R

During trial on January 14, 2008, Defendants objected to Plaintiff's attempt to offer evidence relating to conversations between Feesers employees and employees of Feesers' institutional customers concerning the customers' reasons for purchasing food from Sodexho rather than Feesers. Defendants argued that this evidence was inadmissible for two reasons: (1) Plaintiff violated Fed. R. Civ. P. 26(a)(1)(A) by failing to disclose the identity of these customer witnesses during discovery, and (2) the conversations were hearsay statements not admissible under the state of mind exception because they were not offered to prove customer motive. Plaintiff responds that it has fulfilled its obligations under Rule 26 by disclosing the identity of the Feesers employees who will testify to the conversations relating to instances of competition as requested by Defendants in their interrogatory, and that the evidence is admissible under the state of mind hearsay exception because it is offered to prove customers' motive for switching from Feesers to Sodexho. The issues have been fully briefed by the parties. For the reasons that follow, the objections will be overruled.

**1.**      **<u>Rule 26</u>**

Rule 26(a)(1)(A) obligates a party to disclose, "the name. . . of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, . . . identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(A).  Additionally, parties have an ongoing duty to supplement disclosures, *see* Fed. R. Civ. P. 26(e)(1), and responses to interrogatories, *see* Fed. R. Civ. P. 26(e)(2).

Here, in its response to Michael Foods' interrogatories, Plaintiff disclosed the identities of its employees with knowledge of instances of competition between Feesers and Sodexho.  Plaintiff also disclosed a number of specific institutional customers for which Feesers and Sodexho competed.  This was all that Rule 26 required.  Having been informed of both the identity of these Feeser's employees and the subject matter of their knowledge, Defendants could infer that these individuals had communicated with employees of the institutions for which both Feesers and Sodexho compete, and through such conversations learned the factors motivating a customer's decision to switch.  Armed with this knowledge, Defendants had the opportunity to depose those employees, who are now called as witnesses.  Plaintiff was not required by Rule 26 to specifically disclose the names of the employees of its customers with whom Feesers employees had conversations concerning a switch from Feesers to Sodexho.[1]  Accordingly, Defendants' Rule 26

---

[1] Significantly, here Feesers is offering the testimony of its *employee witnesses* who were specifically identified during discovery.  This is in contrast to the individuals at issue in Plaintiff's motion *in limine* (Doc. 246), who were named as witnesses on the eve of trial even though they were not specifically identified during discovery.  In that situation, Plaintiff had no opportunity to depose the challenged witnesses.

objection to the testimony of Plaintiff's witnesses about conversations with employees of its customers is **OVERRULED**.

2.     **Hearsay**

Under Rule 803(3) of the Federal Rules of Evidence, an out-of-court statement is not excluded as hearsay if offered to prove the declarant's then existing state of mind or motive.  In *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1535 n.11 (3d Cir. 1990), the Third Circuit observed that statements of a customer to an employee are admissible if the customer's motive is relevant to the action.  *See also* Weinstein's Federal Evidence § 803.05 (2007).  *J.F. Feeser* involved a claim of price discrimination under the Robinson-Patman Act, and the court held that the evidence should have been admitted because "the reason why a customer was not doing business with a particular seller is relevant in a lost profits/sales inquiry and its causal connection to the pricing practices of the alleged violator."  *Id.* at 1535 n.11.  By contrast, in *Stelwagon Manufacturing Co. v. Tarmac Roofing Sys., Inc.*, the Third Circuit held that customer statements to an employee should have been excluded as hearsay when they were considered as proof of actual damages, rather than proof of motive.  63 F.3d 1267, 1274-74 (3d Cir. 1995).

In this case, Plaintiff offers the out-of-court statements of their customers in order to prove the motive of those customers for switching from Feesers to Sodexho, rather than to prove the facts concerning the switch.  This motive evidence is directly relevant to the issue of competitive injury in this case.

Accordingly, it is admissible under the state of mind exception to the rule against hearsay.  Defendants' objection is **OVERRULED**.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated:  January 17, 2008.