IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FEESERS, INC.,** | : | **CIVIL NO. 1:CV-04-0576** |
| Plaintiff, | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| v. | : | |
| | : | |
| **MICHAEL FOODS, INC. and SODEXHO, INC.,** | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M and O R D E R**

      Before the court are a number of motions to exclude certain evidence presented at trial.  Defendants filed two joint motions, one to exclude all evidence referring to Entegra (Doc. 374), and another to exclude the portions of Plaintiff's exhibit P229 referring to Sodexho's use of McCain, Schwan's, and Ecolab products (Doc. 372).  Also pending are Plaintiff's motions to exclude portions of the testimony of Wayne Clickner (Doc. 347), and Mark Westphal (Doc. 378).  The motions have been fully briefed and are ripe for disposition.  For the reasons that follow, all motions will be denied.

**1.**      **Defendants' joint motion to strike evidence referring to Entegra.**

      Defendants seek to strike evidence referring to Entegra, a group purchasing organization ("GPO") that is a subsidiary of Sodexho.  Prior to trial, the court denied Sodexho's motion to exclude all evidence relating to Entegra.  (Doc. 295.)  Defendants now seek to strike certain evidence referring to Entegra that was admitted at trial on three grounds: (1) Defendants allege that Plaintiff's counsel made a pretrial promise not to present any evidence of competitive injury due to Entegra; (2) Entegra is a separate entity from Sodexho, and Sodexho is not

responsible for its conduct; and (3) Plaintiff could have no viable claim against Entegra.

First, addressing the alleged pretrial promise to Defendants, there is no dispute that Plaintiff's counsel sent an email stating that "Feesers does not intend to pursue at trial any theory that Feesers suffered competitive injury because of competition between Feesers and Entegra." However, the evidence Defendants now seek to exclude—two Entegra strategic plans and testimony explaining them—was not offered the show competitive injury between Feesers and Entegra. Instead, this evidence clearly relates to competition between Sodexho and Feesers. Accordingly, Plaintiff did not break any alleged promise to Defendants regarding this evidence. Defendants remaining arguments are unpersuasive.

Moreover, Plaintiff is correct that Defendants have waived any objection they may have to the documents and testimony. Federal Rule of Evidence 103(a)(1) requires a party to make a timely objection or motion to strike in order to preserve a claim of error. Here, Defendants stated that they had no objection to the admission of the evidence when it was offered by Plaintiff. Instead, Defendants waited until after the exhibits and testimony were entered into evidence and Plaintiff neared the close of its case to object. Thus, Defendants waived their objection to this evidence. Defendants' motion to strike evidence referring to Entegra will be denied.

**2.      Defendants' joint motion to exclude all portions of Plaintiff's exhibit P229**

Defendants also seek to exclude evidence in Plaintiff's exhibit P229, a database of Sodexho customers, on the ground that the document contains references to McCain, Schwan's, and Ecolab. The court previously excluded reference to the three companies when it ruled on Sodexho's motions *in limine*

(Docs. 244, 245) prior to trial (Doc. 295).  At that time, Feesers intended to present evidence relating to Sodexho's dealings with the three companies in order to show a pattern of inducing price discrimination by Sodexho.  The court excluded the evidence pursuant to Federal Rule of Evidence 403 on the ground that the probative value of the evidence would be substantially outweighed by the danger of waste of time and confusion of the issues.

Defendants now seek to exclude P229, which is a disk containing a Microsoft Access database file of Michael Foods, McCain, Schwan's, and Ecolab products used by Sodexho for its customer accounts.  This evidence is offered by Plaintiff to demonstrate that certain institutions are Sodexho's customers.  The evidence is not offered to show a pattern of price discrimination by Sodexho.  While Defendants are correct that the disk contains some irrelevant data referencing McCain, Schwan's, and Ecolab, it would serve no point to require the submission of a redacted version of the disk at this time.  Moreover, Defendants have waived any objection to this exhibit by failing to make a timely objection when the exhibit was offered and admitted.  Defendants' motion to exclude portions of P229 referring or relating to McCain, Schwan's, or Ecolab will be denied.

3. **Plaintiff's motion to exclude portions of the testimony of Wayne Clickner**

Plaintiff seeks to strike portions of the testimony of Defendants' witness Wayne Clickner, an independent food service consultant for the Pennsylvania State System of Higher Education ("PASSHE"), pursuant to Federal Rule of Evidence 701(c).  At trial Clickner testified about the request for proposal ("RFP") process for the PASSHE member schools.  Plaintiff claims that this is expert testimony based upon specialized knowledge, and argues that it must be excluded because Clickner was not disclosed as an expert prior to trial.  Defendants

respond that Clickner did not present expert testimony, but instead testified based on his personal knowledge of PASSHE's RFP process.  The court agrees.  At trial, Clickner explained that he had drafted RFPs for all PASSHE schools, and that he had evaluated the proposals received from companies which placed bids at each of the schools.  Accordingly, his testimony at trial was based upon his personal knowledge, and did not constitute expert testimony under Fed. R. Evid. 702.

Plaintiff further argues that Clickner's testimony regarding Slippery Rock University must be excluded because it went outside of the scope of Clickner's pretrial affidavit.[1]  However, Clickner clearly stated in his affidavit that he had been personally involved in the RFP process at all fourteen PASSHE schools, including Slippery Rock.  Accordingly, Clickner's testimony at trial was not outside the scope of the affidavit and need not be stricken.

4. **Plaintiff's motion to exclude the undisclosed expert testimony of Westphal and the underlying data**

Additionally, Plaintiff seeks to exclude the testimony of Mark Westphal, the Chief Financial Officer for Defendant Michael Foods.  Westphal was the Michael Foods employee responsible for overseeing the company's deviated pricing billback payments.  At trial, Westphal testified about the deviated billing process, and he presented his calculation of the percentage of Michael Foods products purchased by Feesers at deviated prices from April 2000 until December 2003.  Plaintiff seeks to exclude both Westphal's testimony and the underlying data he relied upon in making his calculations on three grounds: (1) Westphal impermissibly testified as an expert; (2) the underlying data is based on inadmissible

---

[1] Prior to trial, the court denied Plaintiff's motion to exclude Clickner's testimony pursuant to Fed. R. Civ. P. 26(a)(1)(A) as an undisclosed witness, but required Defendants to provide a signed affidavit describing the content of his proposed testimony at trial.  (*See* Doc. 292 at 2.)

hearsay; and (3) the evidence does not qualify as summary evidence under Fed. R. Evid. 1006. These arguments will be addressed in turn.

First, the court agrees with Defendants that Westphal did not testify as an expert. At trial, Westphal explained that he used Microsoft Excel, a basic spreadsheet program, to calculate the percentage of sales to Feesers that were subject to deviated pricing, and he provided a step by step description of how he performed his calculations. Plaintiff dramatizes this simple procedure by claiming that Westphal "made expert decisions about how to analyze the data by eliminating certain fields and 'those types of things' from the report" and "further shaped the analysis by identifying and eliminating potato and dairy creamer items." (Doc. 379 at 6.) However, Westphal's mastery of basic spreadsheet software and his ability to perform simple calculations does not constitute specialized knowledge sufficient to transform his calculations into the work of an expert. Additionally, Plaintiff provides no support for its contention that Westphal's choice to limit his summary to certain dates means that he testified as an expert. In sum, Westphal did not testify as an expert at trial.

Second, the underlying data falls within the hearsay exception for business records. Fed. R. Evid. 803(6). As Westphal explained, this data was drawn from Michael Foods' customer database, which is kept by Michael Foods in the ordinary course of business. While it is true, as Plaintiff points out, that Westphal generated a report by running a search for Feeser's customer number, this does not transform these ordinary business records into documents prepared for the purpose of litigation. Moreover, Plaintiff has offered no evidence to support its contention that the report is untrustworthy. The mere fact that the search was performed during the course of discovery does not mean that the underlying business records searched

5

are unreliable. The data relied upon by Westphal in generating his summary is admissible under the hearsay exception for business records.

Finally, Westphal's testimony about his calculations qualifies as summary evidence under Fed. R. Evid. 1006, which provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." The data Westphal summarized is voluminous and cannot be conveniently examined in court, it was provided to Plaintiff, and Westphal presented it in the form of a summary, chart, or calculation. Accordingly, Westfall's testimony about his calculations is admissible as a summary.

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT:**

(1) Defendants' joint motion to strike evidence referring to Entegra (Doc. 374) is **DENIED**;

(2) Defendants' joint motion to strike Plaintiff's exhibit P229 (Doc. 372) is **DENIED**;

(3) Plaintiff's motion to exclude portions of Clickner's testimony (Doc. 347) is **DENIED**;

(4) Plaintiff's motion to exclude the testimony of Mark Westphal (Doc. 378) is **DENIED**.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: November 12, 2008.