IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FEESERS, INC.,                          :        CIVIL NO. 1:CV-04-0576
                                        :
                    Plaintiff,          :
                                        :        JUDGE SYLVIA H.  RAMBO
        v.                              :
                                        :
MICHAEL FOODS, INC. and                 :
SODEXHO, INC.,                          :
                                        :
                    Defendants.         :
                                        :

**M E M O R A N D U M**

        Before the court is Defendant Michael Foods' emergency motion for a
stay pending appeal of this court's May 26, 2009 order and permanent injunction,
(Doc. 445), which was simultaneously filed with the Third Circuit Court of Appeals.
A supporting brief accompanied by affidavits and exhibits was filed the same day.
(Doc. 446.)  The injunction Michael Foods seeks to stay pending appeal provides as
follows: "Michael Foods is enjoined from refusing to sell its products to Feesers on
the same terms as they are sold to Sodexho, so long as Feesers otherwise meets its
standards as a customer."  For the reasons that follow, the motion will be denied.[1]

        A court may issue a stay of injunctive relief pending appeal "on terms
for bond or other terms that secure the opposing party's rights."  Fed. R. Civ. P.
62(c).  To satisfy this standard, the moving party must show (1) a likelihood of
success on the merits; (2) irreparable injury if the stay is not granted; (3) the absence

_____

[1] In its brief, Michael Foods indicates that Plaintiff Feesers opposes the relief requested by
Michael Foods.  Feesers has not had an opportunity to file a brief in opposition.  However, due to the
emergency nature of the relief requested, and the fact that the brief was simultaneously filed with the
Third Circuit Court of Appeals, this court will rule on the motion immediately.

of substantial harm to both the party granted the injunction and the public generally. *Kawecki Berylco Indus, Inc. v. Fansteel, Inc.*, 517 F. Supp. 539, 540–41 (E.D. Pa. 1981).

The court finds that a stay of the injunction pending appeal is not appropriate in this case. First, Michael Foods has not demonstrated a likelihood of success on the merits. In arguing that it is likely to succeed on the merits, Michael Foods repeats the same arguments it raised previously. These arguments were addressed in the memorandum accompanying the May 26, 2009 order and need not be repeated at length here. The court is satisfied that the injunctive relief was necessary and appropriate both to cure Michael Foods' contempt of this court's April 27, 2009 order and to eliminate the discriminatory pricing system that this court found unlawful.

Second, the court does not believe that Michael Foods will suffer any irreparable injury if the stay is not granted. In support of this argument, Michael Foods cites perceived harm to its reputation in the food service industry that will result if the injunction is not stayed. However, any harm to Michael Foods' reputation is attributable to its conduct in contempt of this court's order, and not the injunctive relief ordered as a remedy for that contempt. Michael Foods further claims that the injunction places it at a unique disadvantage to its competitors in the food service industry. However, this is nothing more than a claim that compliance with the law will place it at a disadvantage to competitors that do not comply with the law. Accordingly, the court finds that the injunctive relief will not result in irreparable harm to Michael Foods if the stay is not granted.

On the other hand, as discussed in the May 26, 2009 opinion and order, immediate and irreparable harm will be caused to Feesers if the permanent injunction barring Michael Foods from refusing to deal with Feesers is stayed. If the injunctive relief is stayed, Feesers risks losing customers because it is unable to obtain Michael Foods products at the same pricing as Sodexho and its other competitors. Additionally, the public interest also weighs in favor of the elimination of pricing practices that violate the Robinson-Patman Act.

On balance, the court finds that the equities of this case weigh against a stay of the injunction pending appeal. Accordingly, Michael Foods' emergency motion for a stay pending appeal will be denied. An appropriate order will issue.


s/Sylvia H. Rambo
United States District Judge

Dated: June 16, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FEESERS, INC.,** | : | **CIVIL NO. 1:CV-04-0576** |
| **Plaintiff,** | : | |
| | : | **JUDGE SYLVIA H.  RAMBO** |
| **v.** | : | |
| **MICHAEL FOODS, INC. and** | : | |
| **SODEXHO, INC.,** | : | |
| **Defendants.** | : | |
| | : | |

# O R D E R

In accordance with the foregoing memorandum of law, **IT IS
HEREBY ORDERED THAT** Michael Foods' emergency motion for a stay of the
May 26, 2009 permanent injunction is **DENIED**.


                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated:  June 16, 2009.